————♦♦————

## SUPREME COURT.

ALFRED FIELD and others agt. ISAAC L. HUNT and others. JOHN ASKHAM and others agt. THE SAME.

In an action and judgment against *joint debtors* it is not necessary to exhaust the remedy at law by execution against the separate property of the defendants who have not been served with process, in order to bring a *creditor's suit* against all to reach their rights and interests in *joint property*. (*This is adverse to S. C. 22 How. Pr. R.*, 329. *It would seem that it is not necessary to exhaust the remedy at law by execution against any of the defendants' separate property in such case. If it is necessary as against those served, why not as against those not served ?*)

*New York Special Term, April*, 1862.

SEPARATE demurrers to the complaints in the above entitled actions were interposed by the defendants, George M. Chapman and Julia Ann Chapman.

GEORGE N. TITUS, *for plaintiffs.*
WILLIAM CURTIS NOYES, *for defendants.*

BALCOM, Justice.  I do not think a long opinion, in any case, certain evidence that the author very carefully exa-

mined the question discussed, or that the conclusions arrived at are sound, and shall therefore write a short one in these cases.

Each complaint in these actions shows that the defendants Hunt and Julia Ann Chapman were partners; that the plaintiffs recovered judgments in form against both of them, upon partnership demands, by the personal service of the summons only upon Hunt; that executions thereon, against property, were issued and returned by the sheriff of the proper county unsatisfied; and that Hunt and Julia Ann Chapman transferred partnership property of the value of more than $100 to the defendant George M. Chapman, which he still retains, with the intent to hinder, delay and defraud the plaintiffs and other creditors.

The executions authorized the sheriff to seize and sell any goods that belonged to Hunt alone, or to him and Julia Ann Chapman as partners, but none that were the separate property of the latter,

It is provided by subdivision 1 of section 136 of the Code, that, if the action be against the defendants jointly indebted upon contract, the plaintiff, when the summons has not been served on all the defendants, may proceed against those served, unless the court otherwise direct, and, if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served. The Revised Statutes contain provisions quite similar. (*See* 2 *R. S.*, 377, § 1 to § 4 *inclusive*,)

The statutes authorizing judgment creditors to maintain equitable actions, after they have failed to collect their judgments by execution, contain the following provisions, namely; whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chan-

cery against such defendant, and any other person, to compel the discovery of any property or thing in action belonging to the defendant, and of any property, money or thing in action due to him, or held in trust for him. (2 *R. S.*, 173, § 38.) The court shall have power, among other things, to decree satisfaction of the sum remaining due on such judgment, out of any property, money or things in action belonging to the defendants, whether the same were originally liable to be taken in execution at law or not. (*Id.*, § 39.) The plaintiffs' judgment established their right to collect the moneys therein mentioned, out of the joint property of Hunt and Julia Ann Chapman; (*Code*, § 136; 2 *R. S.*, 377, § 4,) and I am unable to perceive any good reason why the plaintiffs are not entitled to have such judgments satisfied out of the partnership property that those defendants fraudulently transferred to George M. Chapman. (*See* 2 *R. S.*, 137, § 1.) The executions issued on such judgments were as efficacious against the joint property of those defendants, as they would have been if the judgments had bound the latter personally. The plaintiffs have not only exhausted their remedy by execution upon such judgments, but also all the remedy they could have, by that process, against the partnership property of Hunt and Julia Ann Chapman upon any judgment that they could obtain against them in any legal action.

The statute only requires that " an execution against the property of a defendant" be returned unsatisfied in whole or in part, to entitle the plaintiff to maintain an equitable action to reach choses in action belonging to the defendant, or any property held in trust for him, or fraudulently transferred by him to a third person.

It seems to me to be not only just but clear, that whenever the remedy by execution for enforcing a judgment is duly exhausted, the plaintiff may maintain an equitable action to recover any property, money or things in action

that ought to be applied to the satisfaction of the judgment.

I would ask why the plaintiffs in these cases should be compelled to go back and recover judgments that would bind Julia Ann Chapman personally, before being allowed to invoke the equitable powers of the court to obtain the joint property that she or her partner owned and fraudulently transferred to George M. Chapman ?

The judgments they now have show their legal right to seize and sell on execution any goods that Hunt and Julia Ann Chapman have as partners ; and I am unable to see that the legal right of the plaintiffs to have their judgment. satisfied by execution out of partnership property has been greater at any time than their equitable right now is to have them satisfied out of like property.  I cannot construe the statute, authorizing judgment creditors to maintain suits in equity after the return of executions unsatisfied, so as to deprive the plaintiffs of this equitable remedy.  I think it would be unjust to do so, and that neither the language of the statute nor any adjudged case prior to the decision of Mr. Justice ALLEN in these requires such a construction.

I think Justice ALLEN came to a wrong conclusion when these cases were before him upon the motions for the appointment of a receiver, (22 *How. Pr. R.*, 329,) and that he erred, almost in the beginning of his opinion, in saying, " no judgment at law has been recovered against Julia Ann Chapman, and no execution has been issued against her upon any such judgment ;" for the judgments are against her as a partner of Hunt, and executions against her as such partner were issued upon the judgments and returned unsatisfied.  Besides, his opinion does not show that he considered the fact that one material object of the action is to reach the property that Julia Ann Chapman and Hunt had owned as partners and fraudulently transferred ; and

the cases are now stripped of the affidavits which formed a part of them when they were before him.

. I regret that my views and Justice ALLEN's are in conflict, especially because of his great ability and learning. But I cannot concur in his opinion, and as it is not controling, I shall act up to my own convictions of right in the case, and the general term must determine which of us is wrong.

I hardly need to say that I concur in his views so far as they show that the separate property of Julia Ann Chapman, in which Hunt never had any interest as her partner, cannot be reached in these actions. But I do not agree to his dictum, that actions like these cannot be brought unless the executions on the judgments remain sixty days in the hands of the sheriff before he returned them unsatisfied. I have repeatedly held the contrary, and so has the general term of the sixth district, and some, if not all of the justices of this court in the first district.

My conclusion is, that each complaint in these actions states facts sufficient to constitute an equitable cause of action against the defendants, and that consequently the demurrers to the complaints should be overruled, with costs; but with leave to the defendants to answer on payment of the costs occasioned by the demurrers.